IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MARY WEEKS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v | ) | Civil Action No. 2:05cv626-WKW |
| | ) | (WO) |
| | ) | |
| BUREAU OF PRISON, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

The instant 28 U.S.C. § 2241 petition for habeas corpus relief (Doc. No. 1) was originally filed in the United States District Court for the Northern District of Florida on December 1, 2004. At that time, the petitioner, Mary Weeks, was incarcerated in FPC Marianna located in Marianna, Florida. By her petition, Weeks challenges the Bureau of Prison ("BOP")'s calculation of her good conduct time ("GCT"). She specifically contends that the BOP misapplied the federal GCT statute, 18 U.S.C. § 3624(b), to credit her with only 145 days of GCT instead of the 168 days she says she is entitled to. Weeks requests that the BOP be directed to recalculate her GCT.

On June 14, 2005 (Doc. No. 3), the United States District Court for the Northern District of Florida ordered the transfer of this case to this court because Weeks had been transferred to a community based facility located in Montgomery, Alabama, within the jurisdiction of the Middle District of Alabama. Shortly before the entry of Weeks's case on

this court's docket, she completed the service of her sentence.[1] Accordingly, on July 18, 2005 (Doc. No. 5), this court directed Weeks to show cause why her habeas petition should not be dismissed as moot. Weeks did not respond to this court's order.

## DISCUSSION

Courts do not sit to render advisory opinions. *North Carolina v. Rice*, 404 U. S. 244, 246 (1971). An actual controversy must exist at all times when the case is pending. *Steffel v. Thompson*, 415 U. S. 452, 459 n.10 (1974). In a case such as this, where the only relief requested is injunctive in nature, it is possible for events subsequent to the filing of the complaint to make the matter moot. *See National Black Police Assoc. v. District of Columbia*, 108 F.3d 346, 350 (D.C. Cir. 1997) (change in statute); *Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991) (transfer of prisoner); *Tawwab v. Metz* 554 F.2d 22, 23 (2nd Cir. 1977) (change in policy).

A claim becomes moot when the controversy between the parties is no longer alive because one party has no further concern in the outcome. *Weinstein v. Bradford*, 423 U.S. 147 (1975). Article III of the United States Constitution confers jurisdiction on the district courts to hear and determine "cases" or "controversies." Federal courts are not permitted to rule upon questions that are hypothetical in nature or that do not affect the rights of the parties in the case before the court. *Lewis v. Continental Bank Corp.*, 494 US. 472, 477 (1990). Furthermore, "[t]his case-or-controversy requirement subsists through all stages of

---

[1] Weeks's sentence expired, and she was released from custody, on June 30, 2005. (*See* Doc. No. 1, "Exh. A" (sentence monitoring data); *see also* Doc. No. 2.)

federal judicial proceedings, trial and appellate.... [I]t is not enough that a dispute was very much alive when the suit was filed." *Id.*

In *Saladin v. Milledgeville*, 812 F.2d 687 (11th Cir. 1987), the court stated:

> A case is moot when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome of the litigation, such as where there is no reasonable expectation that the violation will occur again or where interim relief or events have eradicated the effects of the alleged violation.

812 F.2d at 693 (citations omitted).

Weeks's objective in filing her habeas petition was to have her GCT recalculated by the BOP because of an alleged misapplication of the controlling statute. The recalculation of her GCT could conceivably have affected her release date. However, because her sentence has expired and she has been released from custody, there is no longer a case or controversy to litigate through her habeas petition. *United States ex rel. Graham v. United States Parole Comm'n*, 732 F2d 849, 850 (11th Cir. 1984); *see also Bailey v. Southerland*, 821 F.2d 277, 278-79 (5th Cir. 1987) (citing Graham).

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the instant 28 U.S.C. § 2241 petition for habeas corpus relief be dismissed as moot since a more favorable decision on the merits would not entitle Weeks to any additional relief.

It is further

ORDERED that the parties shall file any objections to the said Recommendation on or before August 16, 2007. Any objections filed must specifically identify the findings in

the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 6th day of August, 2007.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE